UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHAEL BUCKLEY,

                                        Plaintiff,

-against-

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY, BTO JULIUS RIVERA, TBTA SGT.
KEITH MCCORMACK, TBTA LT. RICHARD CUPO,
and TBTA CAPT. ROBERT SCOGNAMILLO, THE
CITY OF NEW YORK, and JOHN DOES #1-20 (the
name "John Doe" being fictitious, as the true names are
presently unknown),

                                        Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

21 CV 4163

**JURY TRIAL DEMANDED**

Plaintiff MICHAEL BUCKLEY, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff MICHAEL BUCKLEY is a Caucasian male, a citizen of the United States, and at all relevant times a resident of Kings County, in the City and State of New York.

7.      Defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA") was and is a public-benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant TBTA maintains the Triborough Bridge and Tunnel Authority Police ("TBTAP"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned public-benefit corporation, TBTA.

9.      That at all times hereinafter mentioned, the individually named defendants BTO JULIUS RIVERA, TBTA SGT. KEITH MCCORMACK, TBTA LT. RICHARD CUPO, TBTA CAPT. ROBERT SCOGNAMILLO, and JOHN DOES #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or TBTA.

11. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the individually named defendants JOHN DOES #11-20 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

## FACTS

17. On March 31, 2019, at approximately 11:30 a.m., plaintiff MICHAEL BUCKLEY's motorcycle crashed while exiting the Verrazzano Narrows Bridge into Brooklyn.

18. Plaintiff MICHAEL BUCKLEY sustained a severe head injury that, upon information and belief, immediately rendered him unconscious.

19. Plaintiff MICHAEL BUCKLEY was not under the influence of narcotics, alcohol, or any other substance, and he possessed no narcotics-related paraphernalia.

20. Defendant TBTA and NYPD officers responded to the scene.

21. Defendants falsely claimed that plaintiff MICHAEL BUCKLEY exhibited indicia of being under the influence of a narcotic, such as being combative with officers and having a frothy white substance in his mouth.

22. Defendants falsely claimed to have recovered four used syringes from plaintiff MICHAEL BUCKLEY's backpack.

23. Plaintiff MICHAEL BUCKLEY was transported to Lutheran Medical Center, where he was placed under arrest by TBTA officers for driving while ability impaired, criminal possession of a controlled substance, and possession of drug paraphernalia.

24. Defendants knew or should have known that they lacked probable cause to arrest plaintiff MICHAEL BUCKLEY.

25. Defendants initiated criminal proceedings against plaintiff MICHAEL BUCKLEY despite defendants' knowledge that they lacked probable cause to do so.

26. During the period between March 31, 2019 and April 27, 2020, plaintiff MICHAEL BUCKLEY was required to retain counsel and to make multiple court appearances to defend himself in the criminal proceedings that defendants initiated against him.

27. On or about April 27, 2020, all charges against plaintiff MICHAEL BUCKLEY were dismissed.

28. As a result of the foregoing, plaintiff MICHAEL BUCKLEY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

<div align="center">

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**

</div>

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff MICHAEL BUCKLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York, the New York City Police Department, and/or the Triborough Bridge and Tunnel Authority Police all under the supervision of ranking officers of said departments.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff MICHAEL BUCKLEY was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege, or consent.

37. As a result of the foregoing, plaintiff MICHAEL BUCKLEY's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants issued legal process to place plaintiff MICHAEL BUCKLEY under arrest.

40. Defendants arrested plaintiff MICHAEL BUCKLEY in order to obtain a collateral objective outside the legitimate ends of the legal process.

41. Defendants acted with intent to do harm to plaintiff MICHAEL BUCKLEY without excuse or justification.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants misrepresented and falsified evidence before the District Attorney.

44. Defendants did not make a complete and full statement of facts to the District Attorney.

45. Defendants withheld exculpatory evidence from the District Attorney.

46. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MICHAEL BUCKLEY.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MICHAEL BUCKLEY.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff MICHAEL BUCKLEY.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MICHAEL BUCKLEY.

50. Defendants lacked probable cause to continue criminal proceedings against plaintiff MICHAEL BUCKLEY.

51. Defendants acted with malice in continuing criminal proceedings against plaintiff MICHAEL BUCKLEY.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

53. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MICHAEL BUCKLEY's favor on or about April 27, 2020, when all charges against him were dismissed.

## FIFTH CLAIM FOR RELIEF
### DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE
### UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants created false evidence against plaintiff MICHAEL BUCKLEY.

56. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

57. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

58. In creating and forwarding false information to prosecutors, defendants deprived plaintiff MICHAEL BUCKLEY of due process and violated his constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Each and every individual defendant had an affirmative duty to intervene on plaintiff MICHAEL BUCKLEY's behalf to prevent the violation of his constitutional rights.

61. The individual defendants failed to intervene on plaintiff MICHAEL BUCKLEY's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

62. As a result of the aforementioned conduct of the individual defendants, MICHAEL BUCKLEY's constitutional rights were violated.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1983

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff MICHAEL BUCKLEY of his constitutional rights.

65. In participating in the false arrest and malicious prosecution of plaintiff MICHAEL BUCKLEY, defendants committed overt acts in furtherance of the conspiracy.

66. As a result of the foregoing, plaintiff MICHAEL BUCKLEY sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff MICHAEL BUCKLEY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon him; and

    F. To receive equal protection under the law.

68. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**PENDANT STATE CLAIMS**

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. On or about July 22, 2020, and within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the City of New York and the Triborough Bridge and Tunnel Authority, Notices of Claim setting forth all facts and information required under General Municipal Law § 50-e.

71. The City of New York and the TBTA have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on December 16, 2020.

73. TBTA waived its right to hold a hearing pursuant to General Municipal Law § 50-h.

74. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75. Plaintiff has complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**MALICIOUS PROSECUTION**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. On or about March 31, 2019, defendants City of New York and TBTA, their agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff MICHAEL BUCKLEY, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

79. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff MICHAEL BUCKLEY had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

80. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MICHAEL BUCKLEY.

81. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MICHAEL BUCKLEY.

82. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff MICHAEL BUCKLEY.

83. Defendants misrepresented and falsified evidence before the District Attorney.

84. Defendants did not make a complete and full statement of facts to the District Attorney.

85. Defendants withheld exculpatory evidence from the District Attorney.

86. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MICHAEL BUCKLEY.

87. Defendants lacked probable cause to continue criminal proceedings against plaintiff MICHAEL BUCKLEY.

88. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff MICHAEL BUCKLEY.

89. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MICHAEL BUCKLEY's favor on or about April 27, 2020, when all charges against him were dismissed.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

92. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

93. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

94. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff MICHAEL BUCKLEY.

95. As a result of the aforementioned conduct, plaintiff MICHAEL BUCKLEY suffered physical injury and severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff MICHAEL BUCKLEY.

99. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

100. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

101. As a result of the aforementioned conduct, plaintiff MICHAEL BUCKLEY suffered physical injury and severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendants City of New York and TBTA failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff MICHAEL BUCKLEY.

104. Defendants City of New York and TBTA knew, or should have known in the exercise of reasonable care, the propensities of the defendant officers to engage in the wrongful conduct heretofore alleged in this Complaint.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Upon information and belief defendants City of New York and TBTA failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff MICHAEL BUCKLEY.

107. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff MICHAEL BUCKLEY demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
July 25, 2021

___________/s_________________

ROSE M. WEBER (RW 0515)
30 Vesey Street, Suite 1801
New York, NY 10007
(917) 415-5363